IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS TRI-STATE HEALTH AND WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OAK HRC STATESMAN, LLC a/k/a STATESMAN HEALTH AND REHABILITATION CENTER, <br><br> Defendant. | Civ. No. 19-13590(RMB/SAK) <br><br> **ORDER** |

This matter comes before the Court upon Plaintiffs' Second Motion for Default Judgment [Docket No. 15]. The Court previously denied Plaintiffs' First Motion for Default Judgment [Docket No. 12] due to Plaintiffs' failure to file a brief detailing why Default Judgment is appropriate. Plaintiffs have now filed a renewed motion with a brief in support. For the reasons discussed below, the Court will **DENY** that motion.

The Court will grant a motion for default judgment only when (1) there is sufficient proof of service, (2) Plaintiff stated a sufficient cause of action, and (3) default judgment is proper. See Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dublin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)

(citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). To determine whether default judgment is proper, the Court must consider "(1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 537 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987)). Moreover, the Third Circuit's Decision in Chamberlain stands for the proposition that a plaintiff is not entitled to default judgment as a matter of course, or as a matter of right, merely upon a defendant's failure to answer or otherwise defend a suit.

Under Federal Rule of Civil Procedure 4(h), a business entity, such as a Limited Liability Company (LLC), may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). According to the summons, Defendant was to be served in Pennsylvania. As relevant here, Pennsylvania law permits a plaintiff to serve a defendant "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." 231 Pa. Code § 402.

Here, the Court is not satisfied that Plaintiffs properly served Defendant. Plaintiffs purport to have served Defendant "by leaving a copy [of the Summons and Complaint] with Cindy Woodward, an Administrative representative." [Docket No. 15-1, at 2]. Plaintiffs contend that serving Woodward was personal service upon the Defendant. [See Docket No. 4]. But Plaintiffs have not established that Woodward is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or that Woodward holds a similar role that satisfies Pennsylvania law. Moreover, despite Plaintiffs' unsupported contention that Woodward is an "administrative representative," this role is not listed on the proof of service. Instead, the return of service includes a handwritten remark that service was "accepted by Cindy Woodward, Admin." [Docket No. 4]. Accordingly, the Court cannot be assured that Plaintiff's proof of service is sufficient.

THEREFORE, it is on this 13th day of May, 2021, hereby **ORDERED** that:

Plaintiffs' Motion for Default Judgment is **DENIED WITHOUT PREJUDICE** to Plaintiffs' right to file a third Motion for Default Judgment accompanied by a brief that clearly establishes Plaintiffs' right to a Default Judgment. Alternatively, Plaintiffs may choose to effect proper service now, if they cannot establish that their June 13, 2019 service was sufficient.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE